IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN NOWLAND,                          )
                                        )
            Plaintiff,                  )    Civil No. 08-46-AA
                                        )    OPINION AND ORDER
      vs.                               )
                                        )
HILL-ROM COMPANY, INC., and             )
HILLENBRAND INDUSTRIES,                 )
                                        )
            Defendants.                 )
_____)

Martin C. Dolan
Dolan Griggs LLP
1130 S.W. Morrison Street, Suite 630
Portland, Oregon 97205
     Attorney for plaintiff

Andrew M. Altschul
Altschul Law Office, PC
117 S.W. Taylor Street, Suite 2600
Portland, Oregon 97204

Steven F. Pockrass
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204
     Attorneys for defendants

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Defendants move to dismiss this action for improper venue or, alternatively, to transfer venue to the Southern District of Indiana pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). Defendants' motion to dismiss is denied, and alternative motion to transfer is granted.

## BACKGROUND

Defendant Hill-Rom Company, Inc. ("Hill-Rom"), a subsidiary of defendant Hillenbrand Industries (collectively "defendants"), is an Indiana corporation with its principal place of business in Batesville, Indiana. Hill-Rom supplies medical products and services nationwide, and maintains sales personnel throughout the country.

Plaintiff Susan Nowland was hired by Hill-Rom in 1994 as a sales associate in Alaska. In 2001, plaintiff entered into an at-will Employment Agreement ("Agreement") with Hill-Rom containing the following forum selection clause:

> Choice of Forum. Employee acknowledges that the Company is primarily based in Indiana, and Employee understands and acknowledges the Company's desire and need to defend any litigation against it in Indiana. Accordingly, the Parties agree that any claim of any type brought by Employee against the Company or any of its employees or agents not subject to mandatory arbitration must be maintained only in a court sitting in Marion County, Indiana, or Ripley County, Indiana, or, if a federal court, the Southern District of Indiana, Indianapolis Division.

Agreement, ¶ 31, Bowers Decl. Ex. B.

Plaintiff signed the Agreement without voicing any concerns or objections to forum selection clause.

Page 2 - OPINION AND ORDER

In 2007, plaintiff applied for an opening within Hill-Rom as a General Manager in Oregon.  Plaintiff alleges that Hill-Rom informed her that she would cover the position's entire territory and receive a guaranteed annual draw of $100,000 to $120,000 against commissions.  Hill-Rom, however, ultimately split the territory and offered plaintiff only a $70,000 guaranteed draw. Plaintiff declined the position. Plaintiff alleges that Hill-Rom offered the modified employment package to plaintiff to induce plaintiff to decline the position, and thereafter, offered the original position to a younger, less experienced male which included the entire territory as well as a $120,000 guaranteed annual draw.

Plaintiff filed an action in this court against defendants alleging claims for sex and age discrimination and wrongful discharge under 42 U.S.C. § 2000e ("Title VII") and 29 U.S.C. § 523(a) ("ADEA").

## STANDARDS

Pursuant to Fed. R. Civ. P. 12(b)(3), a defendant may file a motion to dismiss an action based on "improper venue."  Id. Alternatively, a district court may transfer a case to a proper district or division if it is "in the interest of justice."  28 U.S.C. § 1406(a).

Parties may bargain in their contracts for a particular jurisdiction to settle their disputes.  M/S Bremen v. Zapata Off-

Page 3 - OPINION AND ORDER

Shore Co., 407 U.S. 1, 11 (1972). "Forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable under the circumstances.'" Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996)(citing Bremen, 407 U.S. at 10). This is a heavy burden on the party opposing enforcement of the forum selection clause. Argueta, 87 F.3d at 325. A party may show that the forum selection clause is unreasonable if: (1) it was the result of fraud, undue influence, or overwhelming bargaining power; (2) it is gravely difficult and inconvenient to a party, thus depriving the party of its day in court; or (3) it contravenes a strong public policy to require the parties to litigate in a particular forum. Id.

## DISCUSSION

Plaintiff does not dispute that her claims are covered by a forum selection clause placing venue in Indiana. She argues, however, that the forum selection clause is invalid because it would defeat Title VII's public policy favoring the plaintiff's choice of forum. Specifically, Title VII allows a party to choose a jurisdiction where the employment discrimination is alleged to have occurred, or where the aggrieved person would have worked but for the discrimination. Section 2000e-5(f)(3).

Plaintiff filed her case in this district because the

Page 4 - OPINION AND ORDER

position she applied for is located in Oregon and thus complies with Title VII's venue provisions. However, I agree with defendants that plaintiff's reading of Title VII is incomplete. In addition to the possible venues listed above, Title VII also specifically allows an action to be brought in the district where the employment records are maintained, or where the defendant has its principal office. 42 U.S.C. § 2000e-5(f)(3). Both of these venues are located in Indiana. Therefore, Section 2000e-5(f)(3) expressly designates the Southern District of Indiana as a suitable venue for this action.

Regardless, plaintiff argues that a forum selection clause in a Title VII action is against public policy. Specifically, that public policy encourages civil rights litigation in venues that are the least burdensome to the plaintiff. Plaintiff argues that Congress promotes this policy in Title VII actions, but can not point to any provisions in Title VII which expressly void agreed upon forum selection clauses. In fact, Title VII lacks any express declaration that forum selection clauses are unenforceable.

Plaintiff next argues that application of the forum selection clause is unreasonable, because by bringing this case in Indiana, she would be inconvenienced, and therefore, deprived of her day in court. Specifically, plaintiff states that she travels to Oregon frequently to take care of her mother. However, plaintiff presents no evidence that she is restricted in

Page 5 - OPINION AND ORDER

her ability to travel.  Plaintiff is a resident of Alaska and her mother resides in Oregon.  Plaintiff travels frequently between Alaska and Oregon.  These circumstances fail to demonstrate that transferring this case to the Southern District of Indiana would be so "gravely difficult and inconvenient that [she] will for all practical purposes be deprived of [her] day in court."  Bremen, 407 U.S. at 17-18.

Finally, I rely on another case decided in this District filed against the same defendant for similar Title VII claims.  See Brooke v. Hill-Rom Co., Inc., No. CV 00-242-AS, 2000 WL 1364288 1 (D.Or. July 31, 2000).  In Brooke, the court granted a motion to transfer to the Southern District of Indiana, enforcing a forum selection clause found in plaintiff's employment agreement.  Both the employment agreement and forum selection clause were nearly identical to the ones at issue in the case at bar.  Further, the plaintiff there also had notice of the provision and time to object prior to accepting the position.  The court held that the plaintiff "failed to meet her burden to show that enforcement of the forum selection clause would be unreasonable under the circumstances."  Id. at 3.

Similarly, plaintiff here has a heavy burden to show that the forum selection clause is unreasonable.  Argueta, 87 F.3d at 325.  Plaintiff has failed to provide sufficient evidence to show that it would be gravely difficult and inconvenient to litigate this case in Indiana.  Moreover, I find that Indiana is a proper

Page 6 - OPINION AND ORDER

venue to litigate this case. Therefore, defendants' alternative motion to transfer is granted, and motion to dismiss is denied.

## CONCLUSION

Defendants' motion to dismiss for improper venue (doc. 6) is denied, defendants' alternative motion to transfer (doc. 6) is granted. This case is transferred to the Southern District of Indiana.

IT IS SO ORDERED.

Dated this  25  day of April 2008.

                              /s/ Ann Aiken
                           Ann Aiken
                  United States District Judge